XIU–QI YANG, Petitioner,

v.

Alberto GONZALES,[1] Respondent.

No. 04–1864–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

---

1. Pursuant to *Federal Rule of Appellate Procedure 43(c)(2)*, Alberto Gonzalez is substituted for his predecessor, John Ashcroft, as respondent.

Joan Xie, New York, NY, for Petitioner.

Kevin J. O'Connor, United States Attorney, Sandra S. Glover, Assistant United States Attorney, District of Connecticut, New Haven, CT, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, and Hon. SONIA SOTOMAYOR, Circuit Judges.

Petitioner Xiu–Qi Yang ("Yang") petitions for review from the March 17, 2004 final order of removal by the BIA affirming and adopting the decision of an immigration judge ("IJ") denying Yang's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case. In this appeal, Yang challenges the IJ's adverse credibility determination and the denial of CAT relief.

■ The IJ's adverse credibility determination was supported by substantial evidence and thus Yang's petition must be denied. *SeeSecaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). The IJ provided specific, cogent reasons for his adverse credibility finding, *see id.*, including that Yang failed to provide the same details of his persecution in China in his testimony as he had in his application, that Yang's testimony regarding his alleged leadership position with the Falun Gong and his detention was inconsistent with the details he provided in his application, and that Yang stopped practicing Falun Gong once he arrived in the United States. Yang has not satisfied the standard for granting asylum, and consequently cannot meet the higher standard for granting withholding of removal. *SeeRamsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

■ Further, the BIA correctly determined that Yang failed to meet his burden under the CAT, as Yang did not demonstrate that "it is more likely than not that he would be tortured if removed to the proposed country of removal." *8 C.F.R. § 208.16(c)(2); see alsoJin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 116 (2d Cir.2005).

We have reviewed Yang's remaining arguments and find them to be without merit. For the following reasons, we deny Yang's petition for review.